'05    JAN -5   P 4 :10

| | |
|---|---|
| IN THE MATTER OF SUBPOENA **ISSUED TO THE ASSOCIATION OF** **EQUIPMENT MANUFACTURERS** | Miscellaneous Case No. 05 MISC. 001 |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## ELLIOTT & FRANTZ, INC.'S MOTION TO ENFORCE SUBPOENA
## AND COMPEL PRODUCTION OF DOCUMENTS FROM
## NON-PARTY ASSOCIATION OF EQUIPMENT MANUFACTURERS

### I.    INTRODUCTION

Elliott & Frantz, Inc. ("Elliott & Frantz") moves this Court pursuant to

Fed. R. Civ. P. 37(d) and 45 to compel the production of documents from non-party Association

of Equipment Manufacturers ("AEM"). On November 3, 2004, Elliott & Frantz issued a

subpoena to AEM requesting market-share documents relevant to Elliott & Frantz's claims

against defendant Ingersoll-Rand pending in the United States District Court for the Eastern

District of Pennsylvania. AEM refuses to produce the subpoenaed documents, claiming they are

confidential and equally available from defendant Ingersoll-Rand. AEM's objections are without

merit and its failure to produce the subpoenaed information prejudices Elliott & Frantz in its

ability to prosecute its claims. Elliott & Frantz requests this Court to compel AEM to produce of

all requested documents within ten days.

### II.    SUMMARY OF FACTS PERTINENT TO THIS MOTION

On May 13, 2003, Ingersoll-Rand terminated its Distributor Selling Agreement

with Elliott & Frantz that was entered into on August 1, 1994. Under the Distributor Selling

Agreement, Elliott & Frantz had the right to sell and distribute, among other things, Ingersoll-

Rand compaction equipment, air compressors and its Blaw-Knox line of pavers in the five

county area of southeastern Pennsylvania — *i.e.*, Philadelphia, Bucks, Chester, Delaware and Montgomery Counties — and the State of Delaware (hereinafter referred to as the "Area of Primary Sales Responsibility"). Ingersoll-Rand's breach of its contractual obligation has caused Elliott & Frantz to sustain damages in excess of $11 million.

The only specific reason that Ingersoll-Rand states for terminating the Distributor Selling Agreement was Elliott & Frantz's "significant decline in [Elliott & Frantz's] overall sales and market share with respect to [Ingersoll-Rand's] products in 2002" in the Area of Primary Sales Responsibility. According to Ingersoll-Rand, it relies on AEM for the market-share information upon which it based its termination decision.

Elliott & Frantz requested market-share information from Ingersoll-Rand, and Ingersoll-Rand has produced certain documents to Elliott & Frantz. However, the information produced by Ingersoll-Rand is incomplete and, in some circumstances, unintelligible and illegible. Elliott & Frantz is entitled to have the opportunity to review and analyze the market-share information from the source relied upon by Ingersoll-Rand in making its decision to terminate Elliott & Frantz's Distributor Selling Agreement.

On November 3, 2004, Elliott & Frantz issued a subpoena to AEM for documents related to Elliott & Frantz's performance and Ingersoll-Rand's national market share. A true and correct copy of the subpoena and the return of service are attached hereto as Exhibit "A". Elliott & Frantz's subpoena requests the following documents:

> (1) All documents relating to Ingersoll-Rand's market share for compaction products in Southeastern Pennsylvania (i.e., Bucks County, Chester County, Delaware County, Montgomery County and Philadelphia County) and the State of Delaware from 1997 to the present.
>
> (2) All documents relating to Ingersoll-Rand/Blaw Knox's market share for paving products in Southeastern Pennsylvania (i.e., Bucks County, Chester County, Delaware County, Montgomery County and Philadelphia County) and the State of Delaware from 1997 to the present.

(3)　All documents relating to Ingersoll-Rand's national market share for compaction products from 1997 to the present.

(4)　All documents relating to Ingersoll-Rand's national market share for paving products from 1997 to the present.

(5)　All documents evidencing AEM's standards and procedures for measuring market share with respect to compaction and paving products from 1997 to the present.

(6)　All documents referring to Elliott & Frantz, Inc from 1997 to the present.

Counsel for Elliott & Frantz notified AEM in the cover letter accompanying the subpoena that Elliott & Frantz would pay all reasonable costs associated with the production of the requested documents. The subpoena was served on AEM on November 11, 2004 and was returnable November 22, 2004.

On November 19, 2004, counsel for AEM wrote counsel for Elliott & Frantz and advised that AEM would not produce the documents subject to the subpoena. *See* letter dated November 19, 2004 from Michael T. Reid, Esquire to Thomas B. Fiddler, Esquire, attached hereto as Exhibit "B." AEM claimed that it could not be required to produce documents in Philadelphia, its documents were confidential and the requested materials could be obtained from Ingersoll-Rand. *Id.* Counsel for Elliott & Frantz responded to the letter from counsel for AEM, clarifying that AEM need only provide copies of the documents to counsel for Elliott & Frantz and that Elliott & Frantz would pay the delivery costs. *See* letter dated November 22, 2004 from Thomas B. Fiddler, Esquire to Michael T. Reid, Esquire attached hereto as Exhibit "C." Elliott & Frantz also disputed that it was required to obtain the documents solely from Ingersoll-Rand and that the alleged confidential nature of the documents protected them from production to Elliott & Frantz and asked AEM's counsel to reconsider its objections. *Id.* AEM refused to reconsider its objections, necessitating this motion. *See* letter dated November 29, 2004 from Michael T. Reid, Esquire to Thomas B. Fiddler, Esquire, attached hereto as Exhibit "D."

On the afternoon of January 4, 2005, Thomas B. Fiddler, Esquire, counsel for Elliott & Frantz contacted AEM's counsel, Michael T. Reid, Esquire, and offered to enter into a confidentiality agreement in an attempt to resolve the parties' differences. Elliott & Frantz's offer was rejected. *See* emails of Michael T. Reid, Esquire and Thomas B. Fiddler, Esquire, dated January 5, 2005, attached hereto as Exhibit "E." Therefore, as required by Local Rule of Court 37.1, after personal consultation with the party adverse to this motion in a sincere attempt to resolve the parties' differences, the parties were unable to reach an accord.

## III. LEGAL ARGUMENT

Elliott & Frantz moves this Court pursuant to Rule 45(e) to enforce its subpoena issued to AEM. The information that AEM refuses to produce relates to Ingersoll-Rand's main defense to Elliott & Frantz's claims, namely, whether Elliott & Frantz's market share dropped below Ingersoll-Rand's national average to the extent that it justified Ingersoll-Rand's termination of Elliott & Frantz's lucrative Distributor Selling Agreement. According to Ingersoll-Rand, AEM keeps the market share statistics on Elliott & Frantz as well as Ingersoll-Rand's national statistics. In its subpoena, Elliott & Frantz seeks only that information from that is relevant to its litigation with Ingersoll-Rand. AEM's refusal to produce the subpoenaed information is unjustified.

### A. AEM's Assertion Of Confidentiality Does Not Relieve It From Its Obligation To Produce The Documents Requested

Pursuant to the Federal Rules of Civil Procedure, discovery of any matter that is relevant to the claims or defenses of the parties is allowed, provided that it is not privileged. *See* Fed. R. Civ. P. 26(b)(1). Federal courts have made it clear, however, that confidentiality is not a cognizable privilege, and the production of confidential documents is governed by the general relevance standard. *See University of Pennsylvania v. EEOC*, 493 U.S. 182, 194 (1990); *Black v. New York University Medical Center*, 1996 U.S. Dist. LEXIS 7632, 1996 WL 294310 at 3

(S.D.N.Y. 1996); *Peterson v. City College of the City University of New York*, 160 F.R.D. 22, 25 (S.D.N.Y. 1994). Because Ingersoll-Rand claims that the market share statistics prepared by AEM were the basis for its decision to terminate Elliott & Frantz's Distributor Selling Agreement, AEM's information is directly at issue in this case, i.e., is relevant.

AEM's blanket assertion of confidentiality does not amount to a claim of privilege and, therefore, does not protect the requested documents from disclosure. AEM is an association of construction equipment manufacturers. Based on information submitted to AEM by manufacturers/members such as Ingersoll-Rand — which Ingersoll-Rand obtains from its dealers such as Elliott & Frantz — it compiles market share statistics. The requested documents are not confidential because they pertain to information submitted to AEM by Ingersoll-Rand and concerning Elliott & Frantz. It is illogical to argue, as AEM does, that the information provided by Ingersoll-Rand is in some way confidential or proprietary, when such information is shared with AEM's other members, all of which are in competition with Ingersoll-Rand.

Furthermore, other than a blanket assertion, AEM has failed to provide any detail as to why it contends that the information sought by Elliott & Frantz is confidential in nature. When information subject to a subpoena is withheld under a claim of privilege or confidentiality, it must be supported by a sufficient description of the nature of the documents produced. *See R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 Fed. Appx. 880 (3d Cir., 2002)(an opponent to a discovery request has the burden of establishing that its documents are privileged or confidential and thus not obtainable under Fed. R. Civ. P. 45(c)(3)(B)(i)); *Elm Energy & Recycling v. Basic*, 1996 U.S. Dist. LEXIS 15255 (N.D. Ill. 1996). AEM has altogether failed to do so, nor has it sought a protective order or asked this Court to quash the subpoena.

Because the market share statistics and the information on which they are based are directly at issue here, they are apparently relevant. Moreover, AEM has not asserted a claim

to privilege over the information sought by Elliott & Frantz. Instead, AEM has merely made a broad and unsubstantiated claim of confidentiality. In the absence of a cognizable reason to withhold the information sought in the subpoena to AEM, such information must be produced.

**B.     Elliott & Frantz's Need For The Information Sought From AEM Outweighs AEM's Claim To Confidentiality**

Elliott & Frantz is not a competitor of AEM, nor is it aware of the existence of any such competitor, whereby disclosure of any information could have an adverse impact on AEM. Elliott & Frantz is interested in a very limited part of AEM's records, and only for use in this litigation. In fact, the parties to the action pending in the Eastern District of Pennsylvania have already agreed to keep the information obtained in discovery confidential and to limit its use only for the purposes of litigation. Elliott & Frantz is not adverse to likewise providing AEM with the same assurances.

Moreover, even if it were not, if this Court were to find that AEM's confidentiality concerns are legitimate as to certain specifically identified documents, then it can address AEM's concerns in the form of a protective order, instead of depriving Elliott & Frantz of documents relevant and necessary to pursue its action against Ingersoll-Rand. *See* Fed. R. Civ. P. 45(c)(3)(B)(i); s*ee also Covey Oil Co. v Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965), *cert. den.* 380 US 964 (1965)(it is proper to require nonparty witness to comply with subpoena duces tecum requesting trade secrets on conditions designed to protect nonparties by making documents available only for litigation by prohibiting dissemination or use of material for business or competitive purposes). Under these circumstances, there would be no adverse consequences to AEM if it were to produce the documents sought by Elliott & Frantz.

By way of contrast, Elliott & Frantz has sought the market share statistics directly from Ingersoll-Rand, but has been unable to obtain any clear, or even intelligible, information from the defendant. Moreover, it is settled law that a party's subpoena may seek the production

of documents already produced by another. *See generally* 8 Wright & Miller, Fed. Prac. & Proc. Civ.2d § 2040 (2004)(citing to *U.S. v. International Business Machines Corp.*, 453 F. Supp. 194 (S.D.N.Y. 1977)). Elliott & Frantz is clearly entitled to obtain this information, so heavily relied upon by Ingersoll-Rand, from its source, i.e., AEM. In sum, any prejudice that AEM may fear as a result of disclosing the documents sought by Elliott & Frantz is unwarranted, and is certainly outweighed by Elliott & Frantz's need to evaluate and respond to Ingersoll-Rand's defenses.

Ultimately, the requested materials are directly relevant to Elliott & Frantz's complaint and integral to Ingersoll-Rand's defenses in this litigation. AEM has not asserted a cognizable privilege protecting the information sought from disclosure, nor has AEM claimed that it would suffer an undue burden in producing them. Moreover, Elliott & Frantz is entitled to obtain this key information directly from its source. This is especially so when Ingersoll-Rand has failed to produce complete and/or intelligible copies of the market share statistics. Because AEM's objections are devoid of any reasonable basis and have required Elliott & Frantz to expend needless time and effort to enforce the subpoena, Elliott & Frantz requests reasonable attorneys' fees and costs incurred in connection with this motion.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Elliott & Frantz respectfully requests this Court to order AEM to produce all documents identified in Schedule A to Elliott & Frantz's subpoena within ten days and to pay Elliott & Frantz's reasonable expenses, including attorneys' fees associated with enforcing its subpoena.

Respectfully submitted,

GODFREY & KAHN, S.C.

John L. Kirtley, Esquire
780 North Water Street
Milwaukee, WI 53202-3590
Phone: (414) 273-3500
Fax: (414) 273-5198

David R. Strawbridge
Thomas B. Fiddler
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103

Dated: January 5, 2005      Attorneys for Elliott & Frantz, Inc.

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2005, I served true and correct copies of the documents identified below upon the following counsel via U.S. Mail, postage prepaid:

Michael T. Reid, Esquire
Keeley, Kuenn & Reid
150 North Wacker Drive, #1100
Chicago, IL 60606
Attorneys for Association of Equipment Manufacturers

Karen P. Layng, Esquire
Vedder Price
222 North LaSalle Street
Chicago, IL 60601
Attorneys for Ingersoll-Rand Company

Documents:  (1)  ELLIOTT & FRANTZ, INC.'S MOTION TO ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY ASSOCIATION OF EQUIPMENT MANUFACTURERS

(2)  MEMORANDUM OF LAW IN SUPPORT OF ELLIOTT & FRANTZ, INC.'S MOTION TO ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY ASSOCIATION OF EQUIPMENT MANUFACTURERS

_____
Cindy Riedel

MW906226_1.DOC

# EXHIBIT "A"

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
LAS VEGAS
LONDON
LOS ANGELES

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON



# COZEN
# O'CONNOR
## ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

November 3, 2004

**Thomas B. Fiddler**
Direct Phone 215.665.4614
Direct Fax    215.665.2013
tfiddler@cozen.com

**VIA HAND DELIVERY**

AEM – Association of Equipment Manufacturers
111 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202-4806

**Re:    Elliott & Frantz, Inc. v. Ingersoll-Rand**
        **USDC Eastern Dist. of PA Civil Action No. 03-4746**

Dear Sir or Madam:

I enclose a Subpoena compelling the production of documents in connection with the above litigation along with a check for the required fee of $40.00. Please note that all responsive documents must be produced on or before November 22, 2004. We will reimburse you for the reasonable costs associated with the production of the requested documents.

Sincerely,

COZEN O'CONNOR

*Th. B. Fiddler*

By:    Thomas B. Fiddler

bbm
Enclosures

cc:    David R. Strawbridge, Esquire
       Karen P. Layng, Esquire (w/ encl.)

Issued by the
# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

.LIOTT & FRANZ, INC.

**SUBPOENA IN A CIVIL CASE**

v.

`GERSOLL-RAND CO.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

): Custodian of Records
    **AEM – Association of Equipment Manufacturers**
    111 E. Wisconsin Avenue – Suite 1000
    Milwaukee, WI 53202-4806

CASE NUMBER:[1]  1:CV-03-4746

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and ime specified below (list documents or objects):

**See Attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| COZEN O'CONNOR<br>1900 Market Street<br>Philadelphia, PA 19103 | Monday, November 22, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the )erson will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*      Attorney for Plaintiff | November 3, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas B. Fiddler, Esquire, COZEN O'CONNOR, 1900 Market Street, Philadelphia, PA 19103, 215-665-2000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

f action is pending in district other than district of issuance, state district under case number.

## SCHEDULE "A"

1.    All documents relating to Ingersoll-Rand's market share for compaction products in Southeastern Pennsylvania (i.e., Bucks County, Chester County, Delaware County, Montgomery County and Philadelphia County) and the State of Delaware from 1997 to the present.

2.    All documents relating to Ingersoll-Rand/Blaw Knox's market share for paving products in Southeastern Pennsylvania (i.e., Bucks County, Chester County, Delaware County, Montgomery County and Philadelphia County) and the State of Delaware from 1997 to the present.

3.    All documents relating to Ingersoll-Rand's national market share for compaction products from 1997 to the present.

4.    All documents relating to Ingersoll-Rand's national market share for paving products from 1997 to the present.

5.    All documents evidencing AEM's standards and procedures for measuring market share with respect to compaction and paving products from 1997 to the present.

6.    All documents referring to Elliott & Frantz, Inc from 1997 to the present.

PHILA1\2163490\1 138740.000

| SE NO. | ATT. | NAME OF CASE | DATE | DESCRIPTION | AMOUNT |
|--------|------|--------------|------|-------------|--------|
| '40 | tbf 1844 | Elliott & Franz v. Ingersoll-Rand | 11/3/04 | Witness fee AEM | $40.00 |
| | | 9901 000000000011 | | | |

PLEASE DETACH THIS STUB BEFORE DEPOSITING

COZEN
O'CONNOR
ATTORNEYS

1900 MARKET STREET
PHILADELPHIA, PA 19103

212120

3-3
310

.Y TO THE
RIDER OF ___ Custodian of Records, AEM _____

November 3, 20 04

$40.00

Forty and no/100----------------------------------------------------------------- DOLLARS

NOT VALID OVER $425.00

MELLON PSFS
PHILADELPHIA, PA

Rosemarie Brantosple

VOID AFTER 90 DAYS

⑆212120⑆ ⑆031000037⑆  2⑈966 547⑈

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Eastern District of Pennsylvania

Case Number: CV-03-4746

Plaintiff:
**Elliott & Franz, Inc.**

vs.

Defendant:
**Ingersoll-Rand Co.**

For:
Thomas Fiddler
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Received by Esquire Deposition Services to be served on **ASSOCIATION OF EQUIPMENT MANUFACTURERS C/O Custodian of Records, 111 E. Wisconsin Avenue Suite 1000, Milwaukee, WI 53202-4806.**

I, Eddie L. Moore, being duly sworn, depose and say that on the **11th day of November, 2004 at 4:20 pm, I:**

Served the within named corporation by leaving a true and correct copy of **SUBPOENA AND WITNESS FEES** with Darrin Drollinger, Technical and Safety an individual appearing to be in charge of the office at the time of service.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 225, Hair: Gray, Glasses: Y

I do further state that I am not a party to this action, that I am over the age of eighteen and a citizen of this state.

Subscribed and Sworn to before me on the 12th day of November, 2004 by the affiant who is personally known to me.

_Donna L. Gundersen_
NOTARY PUBLIC
My Commission Expires:02/10/2008

Eddie L. Moore
Process Server

**Esquire Deposition Services**
**1800 John F. Kennedy Blvd.,**
**Philadelphia, PA 19103**
**(215) 988-9191**

Our Job Serial Number: 2004003428

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

# EXHIBIT "B"

THE LAW FIRM OF

# KEELEY, KUENN & REID

150 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606

(312)782-1829

MICHAEL T. REID

FAX: (312)782-4868
e-mail: mreid@kkrlaw.com

November 19, 2004

VIA FAX
215-665-2013

Thomas B. Fiddler
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Re:    Elliott & Franz, Inc. v.
       Ingersoll-Rand Co.
       Case 1:CV-03-4746

Dear Mr. Fiddler:

Please be advised that this law firm represents the Association of Equipment Manufacturers. We are in receipt of your subpoena for documents which is returnable on November 22, 2004.

As you know, our client is a trade association located in Milwaukee, Wisconsin. The subpoena purports to require our client to produce documents on November 22, 2004 at your offices in Philadelphia. I have advised my client that it has no legal obligation to do so under the subpoena and that its legal obligations are hereby discharged.

The subpoena requests production of certain documents relating to Ingersoll-Rand's market share in certain territories. Our client's statistical data is considered highly confidential. To the extent that our client has any documents responsive to this subpoena they would have been obtained directly from Ingersoll-Rand. If you require copies of these documents we would suggest that you obtain them directly from Ingersoll-Rand.

Very truly yours,

KEELEY, KUENN & REID

By:    Michael T. Reid

Michael T. Reid

MTR/jk
cc:    Association of Equipment Manufacturers

# EXHIBIT "C"

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
LAS VEGAS
LONDON
LOS ANGELES



**COZEN
O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

November 22, 2004



**VIA FACSIMILE**

**Thomas B. Fiddler**
Direct Phone 215.665.4614
Direct Fax    215.665.2013
tfiddler@cozen.com

Michael T. Reid, Esquire
Keeley, Kuenn & Reid
150 North Wacker Drive
Chicago, IL 60606

Re:    Elliott & Frantz, Inc. v. Ingersoll-Rand

Dear Mr. Reid:

I have received your letter dated November 19, 2004. The subpoena that your client, Association of Equipment Manufacturers, received does not require AEM to travel to Philadelphia, Pennsylvania to produce documents. To the contrary, it only requests that copies of documents be sent to me in Philadelphia. My client, Elliott & Frantz, Inc. will reimburse AEM for the reasonable copying costs and the cost of delivering those materials. If helpful, I can provide you with my firm's Federal Express account number. To the extent that this arrangement was not obvious to you, please consider the subpoena to be amended in this respect.

Regarding your client's concerns about the alleged confidentiality of its material, Elliott & Frantz has tailored its subpoena for documents to pertain solely to the issues in this case. Contrary to the statement in your letter, Elliott & Frantz, Inc. is not required to obtain documents solely from Ingersoll-Rand in this regard. I therefore request that AEM reconsider this objection. If it is unwilling to do so, then we will file the appropriate motion with the Court. Please let me know your response no later than the close of business on Wednesday, November 24, 2004. If you would like to discuss this matter over the telephone, I am available to do so. Thank you.

Michael T. Reid, Esquire
November 22, 2004
Page 2

Sincerely,

COZEN O'CONNOR

*The B Fiddler*

By:     Thomas B. Fiddler

TBF:jab

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NOV 22 '04 PM 2:40

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

## FACSIMILE

FROM:   Thomas B. Fiddler                    TIMEKEEPER NO.:   1844

SENDER'S PHONE:   215.665.4614              SENDER'S FAX:   215.665.2013

# OF PAGES (INCLUDING COVER):  3           FILE NAME:   ELLIOTT & FRANTZ, INC.

DATE:   November 22, 2004                   FILE #:   138740

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Michael T. Reid, Esquire | 312-782-4868 | 312-782-1829 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL [215.665.2000] or [800.523.2900] IMMEDIATELY.

THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail

☐ Certified Mail

☐ Hand Delivery

☐ Overnight Mail

☐ Federal Express

☐ E-Mail

FAXED BY _____
CONFIRMED BY _____
PACKAGED BY _____

**NOTICE**

The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

# Confirmation Report — Memory Send

Page     : 001
Date & Time: Nov-22-04  03:28pm
Line 1   : 215-665-2013
Line 2   :
Machine ID : Cozen O'Connor

| | | |
|---|---|---|
| Job number | : | 951 |
| Date | : | Nov-22 03:27pm |
| To | : ☎1844#138740#0#13127824868# |
| Number of pages | : | 003 |
| Start time | : | Nov-22 03:27pm |
| End time | : | Nov-22 03:28pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 951          *** SEND SUCCESSFUL ***

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

**COZEN O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET     PHILADELPHIA, PA 19103-3508     215.665.2000     800.523.2900     215.665.2013 FAX     www.cozen.com

## FACSIMILE

| | |
|---|---|
| FROM:   Thomas B. Fiddler | TIMEKEEPER NO.:   1844 |
| SENDER'S PHONE:   215.665.4614 | SENDER'S FAX:   215.665.2013 |
| # OF PAGES (INCLUDING COVER):  3 | FILE NAME:   ELLIOTT & FRANTZ, INC. |
| DATE:   November 22, 2004 | FILE #:   138740 |

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Michael T. Reid, Esquire | 312-782-4868 | 312-782-1829 |

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL [215.665.2000] or [800.523.2900] IMMEDIATELY.
THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

FAXED BY
CONFIRMED BY
PACKAGED BY

NOTICE
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any reproduction, dissemination or distribution of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if the communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

# EXHIBIT "D"

THE LAW FIRM OF

## KEELEY, KUENN & REID

150 NORTH WACKER DRIVE
CHICAGO, ILLINOIS 60606
(312)782-1829

MICHAEL T. REID

FAX: (312)782-4868
e-mail: mtreid@kkrlaw.com

November 29, 2004

VIA FAX
215-665-2013

Thomas B. Fiddler
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

   Re: Elliott & Franz, Inc. v.
     Ingersoll-Rand Co.
     Case 1:CV-03-4746

Dear Mr. Fiddler:

   Please be advised that the Association of Equipment Manufacturers stands on its objection to the production of documents in connection with the above matter. It is our opinion that the subpoena was defective on its face and that no further response is required.

   In addition, as I advised previously, the Association of Equipment Manufacturers considers its statistical data highly confidential. The Association of Equipment Manufacturers is not a party to this dispute and plaintiff obviously has a source available from which to obtain these identical documents. We would suggest that you pursue this alternate source.

       Very truly yours,

       KEELEY, KUENN & REID

       By: _Michael T. Reid_

        Michael T. Reid

MTR/jk
cc: Association of Equipment Manufacturers

TOTAL P.01

# EXHIBIT "E"

## Fiddler, Thomas B.

**From:** Fiddler, Thomas B.
**Sent:** Wednesday, January 05, 2005 12:26 PM
**To:** 'Michael Reid'
**Subject:** RE: Elliott & Franz v. Ingersoll-Rand Co. Case 1:CV-03-4746

Mr. Reid:

It is disappointing that AEM has refused to produce the documents required by Elliott &
Frantz's subpoena. Although we do not agree with your assertion of confidentiality, in our
telephone conversation of yesterday afternoon, I proposed entering into a reasonable
protective order to address AEM's expressed concerns. You offer no rationale in your e-
mail for rejecting that proposal. Additionally, you are incorrect in your position that Elliott
& Frantz is required to obtain the documents from Ingersoll Rand. Even if that position had
merit--- which it does not--- I informed you in our telephone conversation that the
information that Ingersoll Rand produced was incomplete and in my instances unintelligible
and illegible. Finally, I previously informed you by letter that Elliott & Frantz will pay all
reasonable costs associated not only with AEM's copying of the requested materials, but also
their delivery. AEM's objection to providing the documents in Philadelphia is therefore
without any reasonable basis.

Because AEM refuses to reconsider its objections, Elliott & Frantz will file the appropriate
motion with the court.

Sincerely,
Thomas B. Fiddler

> -----Original Message-----
> **From:** Michael Reid [mailto:mreid@kkrlaw.com]
> **Sent:** Wednesday, January 05, 2005 11:57 AM
> **To:** Fiddler, Thomas B.
> **Cc:** jsmylie@aem.org
> **Subject:** Elliott & Franz v. Ingersoll-Rand Co. Case 1:CV-03-4746
>
> Dear Mr. Fiddler:
>
> This letter is further to our telephone conversation of January 4, 2005 concerning the subpoena
> served previously on our client, Association of Equipment Manufacturers ("AEM"). As I advised
> previously our client considers its statistical data highly confidential. It has pledged to its
> members that it would not disclose the statistical information furnished and that it would retain
> same in a highly confidential manner. The disclosure of this information would violate this
> pledge and undermine AEM's members' confidence in this statistical program.
>
> As you know, AEM is not a party to this lawsuit. We would suggest that you obtain your desired
> information directly from Ingersoll-Rand or from some third party source with access to this
> information.

1/5/2005

It is also our position that the subpoena to our client is defective on its face in that it purports to require our client to produce documents at your offices in Philadelphia, Pennsylvania. Our client is located in Milwaukee Wisconsin and it cannot be compelled to produce documents in Philadelphia. For these reasons, AEM will take no further action in this regard.

Michael T. Reid
Keeley, Kuenn & Reid
150 North Wacker Drive, #1100
Chicago, IL 60606
312-782-1829
Fax 312-782-4868
email: mreid@kkrlaw.com